UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

BRENDA L. BOYD,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:16-cv-506

Magistrate Judge Michael J. Newman
(Consent Case)

---

**DECISION AND ENTRY: (1) REVERSING THE ALJ'S NON-DISABILITY FINDING AS UNSUPPORTED BY SUBSTANTIAL EVIDENCE; (2) REMANDING THIS CASE UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR FURTHER PROCEEDINGS; AND (3) TERMINATING THIS CASE ON THE COURT'S DOCKET**

---

This Social Security disability benefits appeal is before the undersigned for disposition based upon the parties' consent. Doc. 10. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB") and/or Supplemental Security Income ("SSI").[1] This case is before the Court on Plaintiff's Statement of Errors (doc. 9), the Commissioner's memorandum in opposition (doc. 11), Plaintiff's reply (doc. 12), the administrative record (doc. 7),[2] and the record as a whole.

I.

A.    **Procedural History**

Plaintiff filed for DIB and SSI asserting disability as of May 16, 2010 as a result of a number of alleged impairments including, *inter alia*, hepatitis C, degenerative disc disease, major

---

[1] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 404.1520 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Report and Recommendation to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

[2] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

depressive disorder, and anxiety. PageID 70, 277-80. Plaintiff later amended her onset date to November 8, 2013. PageID 303.

After initial denial of her applications, Plaintiff received a hearing before Administrative Law Judge ("ALJ") Eric Anschuetz on October 20, 2015. PageID 87-123. The ALJ issued a decision on November 27, 2015 finding Plaintiff not disabled. PageID 68-79. Specifically, the ALJ found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of light work,[3] "there are jobs in that exist in significant numbers in the national economy that [Plaintiff] can perform[.]" PageID 72-79.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 48-51. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

**B.     Evidence of Record**

The evidence of record is adequately summarized in the ALJ's decision (PageID 68-79), Plaintiff's Statement of Errors (doc. 9), the Commissioner's memorandum in opposition (doc. 11) and Plaintiff's reply (doc. 12). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

---

[3] The Social Security Administration ("SSA") classifies jobs as sedentary, light, medium, heavy, and very heavy depending on the physical exertion requirements. Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567. An individual who can perform light work is presumed also able to perform sedentary work. *Id*. Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. § Pt. 404, Sub Pt. P, App. 2, § 203.00(a).

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id*. at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable"

and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?;

2. Does the claimant suffer from one or more severe impairments?;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.*, 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

**III.**

In her Statement of Errors, Plaintiff argues the ALJ erred by: (1) improperly weighing medical opinion evidence from treating physician Julie Soto, M.D., consultative examiners Amita Oza, M.D. and Mary Ann Jones, Ph.D., record reviewing physicians William Bolz, M.D. and Diane Manos, M.D., and record reviewing psychologists Bruce Goldsmith, Ph.D. and Carl Tishler, Ph.D.; and (2) improperly evaluating her credibility. Doc. 9 at PageID 962-70. Finding merit to Plaintiff's first alleged error -- regarding the ALJ's weighing of opinions from Drs.

Bolz, Manos, Goldsmith, and Tishler, -- the undersigned does not address Plaintiff's remaining alleged errors.

Until March 27, 2017, "the Commissioner's regulations [that apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id*. Under the regulations then in effect, which control here, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 404.1527(c)(2).

A treater's opinions must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinions, consistency of the opinions with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 404.1527(c)

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9.

Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." Id. "The

regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)).

The medical opinion evidence in this case, *inter alia*, includes opinions from record reviewing physicians Bolz and Manos and from record reviewing psychologists Goldsmith and Tishler. PageID 125-56, 159-90. In giving the opinions of Drs. Bolz and Manos "great weight," the ALJ's entire analysis is as follows: "[T]heir opinion is consistent with the evidence of record, [Plaintiff's] reports of activities of daily living, and [Plaintiff's] prior work history performed with her spinal impairment." PageID 77. In assigning the opinions of Drs. Goldsmith and Tishler "great weight," the ALJ's entire analysis is as follows: "[T]heir opinion is consistent with the evidence of record and [Plaintiff's] presentation at hearing." *Id.*

First, the ALJ's analysis is perfunctory, conclusory, and provides no meaningful explanation of the weight given. *Hollon v. Comm'r of Soc. Sec.*, 142 F. Supp. 3d 577, 584 (S.D. Ohio 2015) (holding that "[s]imply restating a non-treating source's opinion and offering a conclusory assessment, without further discussion, fails to satisfy the requirement that the ALJ provide meaningful explanation of the weight given to all the medical opinion evidence"). Although the ALJ found the opinions supported by "evidence of record," he failed to identify such records and further failed explain why they provide support. The ALJ makes no effort to specifically scrutinize any opinion of the record reviewers and points to nothing in the record to support how those opinions are "consistent with the evidence of record." PageID 77. The ALJ's conclusory assessment of the record-reviewers' opinions thus fails to give a meaningful explanation of any of the required 20 C.F.R. § 404.1527(c) factors, and is error.

Based on all of the foregoing, the undersigned finds error in the ALJ's analysis of opinions from Drs. Bolz, Manos, Goldsmith, and Tishler. Accordingly, the ALJ's non-disability finding is unsupported by substantial evidence.

## IV.

When the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to remand the matter for rehearing or to award benefits. Generally, benefits may be awarded immediately "if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990). The Court may only award benefits where proof of disability is strong and opposing evidence is lacking in substance, so that remand would merely involve the presentation of cumulative evidence, or where proof of disability is overwhelming. *Faucher*, 17 F.3d at 176; *see also Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994); *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985). In this case, evidence of disability is not overwhelming. Therefore, a remand for further proceedings is proper. On remand, the ALJ should conduct an appropriate review of all medical opinion evidence of record.

## V.

For the foregoing reasons, **IT IS ORDERED THAT**: (1) the Commissioner's non-disability finding is found unsupported by substantial evidence, and **REVERSED**; (2) this matter is **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and this case is **TERMINATED** on the docket.

**IT IS SO ORDERED.**

Date: February 7, 2018      s/ Michael J. Newman
　　　　　　　　　　　　　　　　Michael J. Newman
　　　　　　　　　　　　　　　　United States Magistrate Judge